**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE JAMES GAINES, Jr., | No. 16-16651 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01533-RRB |
| v. | |
| STU SHERMAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, District Judge, Presiding[**]

Submitted September 26, 2017[***]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Leslie James Gaines, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ralph R. Beistline, United States District Judge for the District Court of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm in part, reverse in part, and remand.

The district court properly dismissed Gaines's deliberate indifference claim because Gaines failed to allege facts sufficient to show that the treatment provided was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk" to Gaines's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (setting forth elements of a medical deliberate indifference claim).

The district court properly dismissed Gaines's deprivation of property claim because Gaines failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him. *See Hudson v. Palmer*, 468 U.S. 517, 533, 535 (1984) (holding that deprivation of property does not violate due process if a meaningful post-deprivation remedy is available and explaining that state tort actions are meaningful post-deprivation remedies); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Gaines's conspiracy claim because

Gaines failed to allege facts sufficient to show an express or implied agreement among defendants to deprive him of his constitutional rights. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (setting forth elements of conspiracy claim under § 1983).

The district court dismissed Gaines's retaliation claim on the ground that Gaines failed to identify specific defendants and failed to allege the nature of the retaliatory behavior. However, Gaines alleged that defendants Curtis, Beasley, Renning, Lopez, and Ward threatened him in retaliation for filing grievances and inmate appeals, which is sufficient to state a retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context). We reverse the district court's judgment only as to the dismissal of Gaines's retaliation claim, and remand for further proceedings.

We reject as meritless Gaines's contentions that the district court failed to screen his complaint in a timely manner.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

16-16651